AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| | |
|---|---|
| United States of America<br>v.<br><br>DAQUWON RICHARDSON<br><br>*Defendant(s)* | ) ) ) ) ) ) ) ) | Case No.<br>1:19-mj-0940 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  September 10, 2019  in the county of  Marion  in the  Southern  District of  Indiana , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Possession of a Firearm By a Convicted Felon |
| 18 U.S.C. § 922(e) | Possession of a Firearm By an Armed Career Criminal |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Joshua E. Shaughnessy, TFO, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  10/09/2019

_____
*Judge's signature*

City and state:  Indianapolis, IN      Mark J. Dinsmore, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## APPLICATION FOR CRIMINAL COMPLAINT

I, Task Force Officer (TFO) Joshua Shaughnessy, being first duly sworn, hereby depose and state follows:

### INTRODUCTION AND AGENT BACKGROUND

1. Your Affiant, Joshua Shaughnessy, is a Task Force Officer (TFO) with the federal Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), a component of the United States Department of Justice (USDOJ), and has served in such capacity since 2014. Your Affiant is assigned to the Indianapolis Group I Field Office and charged with investigating violations of federal firearms, explosives, and arson laws, as well as offenses enumerated in Titles 18 and 26 of the United States Code. Your Affiant is a Detective Sergeant for the Indianapolis Metropolitan Police Department (IMPD) employed with IMPD since August 2001.

2. As a law enforcement officer, your Affiant has participated in federal and state investigations involving homicides, aggravated batteries, serious violent felons, firearms possession and trafficking, drug trafficking, identify theft, robberies, and financial crimes, among other criminal matters. Your Affiant has testified in judicial proceedings and prosecutions for violations of federal and state laws. Your Affiant received their initial training at the IMPD Academy in 2001-2002, and has satisfied the minimum basic training requirements established by rules adopted by the Indiana Law Enforcement Training Board under I.C. 5-2-1-9 and described in I.C. 35-37-4-5. Your Affiant completed Basic Detective School through the Indianapolis Police Department and attended various criminal investigation

trainings in Indiana and through the USDOJ. Your Affiant has received quarterly firearms trainings in the metropolitan Indianapolis area and yearly in-service trainings in Indianapolis.

### PRELIMINARY STATEMENT & BASIS OF INFORMATION

3. This affidavit is submitted in support of a criminal complaint charging Daquwon L. RICHARDSON (date of birth XX/XX/1995) with Possession of a Firearm by a Convicted Felon in violation of Title 18, United States Code, Section 922(g)(1) and Possession of a Firearm by an Armed Career Criminal, in violation of Title 18, United States Code, Section 922(e). The information contained in the below numbered paragraphs is either personally known to your Affiant or told to your Affiant by other law enforcement officers.

4. On September 11, 2019, your Affiant received information regarding the arrest of Daquwon L. RICHARDSON on September 10, 2019. Specifically, during the routine course of his duties your Affiant discovered RICHARDSON had been arrested for several state felony charges including Possession of a Firearm by a Serious Violent Felon.

5. Your Affiant retrieved and reviewed Indiana State Police (ISP) report number 19ISPC010810 which detailed the circumstances of RICHARDSON's arrest by ISP Trooper Brandon Fletcher. ISP Senior Trooper Joe Flores assisted Trooper Fletcher during the incident described below.

### PROBABLE CAUSE

6. On September 10, 2019, at approximately 1:37 A.M., Trooper Fletcher was on duty and driving westbound near East 38th Street and Richardt Avenue in Indianapolis, Marion County, Indiana. Trooper Fletcher's attention was drawn to a Chevrolet Impala, which he later determined was driven by Daquwon RICHARDSON, drift from the left lane into the right lane,

and then back to the left lane without using a turn signal to indicate each lane change, as required by Indiana law.

7. Trooper Fletcher activated his emergency lights and attempted to initiate a traffic stop. When RICHARDSON stopped the vehicle on Engelwood Drive, Trooper Fletcher exited his police car and approached RICHARDSON's car and asked for his identification and vehicle registration. RICHARDSON was driver and sole occupant of the vehicle. RICHARDSON told Trooper Fletcher he did not have his Indiana identification card with him. RICHARDSON provided his identification information verbally and also wrote this name and date of birth (DOB) on the back of the vehicle registration. Trooper Fletcher later learned RICHARDSON was lying about his identity and provided a false identification.

8. During this time, Trooper Fletcher saw visible signs of nervousness by RICHARDSON including trembling voice, heavy breathing, and avoiding eye contact. Trooper Richardson observed RICHARDSON's hands shaking so severely he had difficulty writing down the identification information. RICHARDSON repeatedly told Trooper Fletcher, "I don't want to go to jail" and "Please don't take me to jail."

9. Trooper Fletcher attempted to confirm the false identity provided by RICHARDSON, and found no record of such a person in Indiana. Trooper Fletcher saw RICHARDSON's hands and body were still shaking, and his voice continued to tremble. While holding a cell phone, RICHARDSON begged Trooper Fletcher to let him go and said he could not go to jail. Based on his training and experience as a law enforcement officer, Trooper Fletcher recognized RICHARDSON was acting suspiciously and lying about his identity.

10. Trooper Fletcher then requested assistance and Senior Trooper Flores responded to the scene. When RICHARDSON was placed in handcuffs, Trooper Fletcher explained to RICHARDSON he was not under arrest, but was being detained until his identify could be confirmed and the traffic stop was complete. RICHARDSON continued giving false information to Trooper Fletcher. Unable to confirm RICHARDSON had a valid driver's license or identification, Trooper Fletcher prepared to tow RICHARDSON's vehicle and read RICHARDSON his Miranda rights.

11. Trooper Fletcher began to inventory RICHARDSON's vehicle before it was towed for safekeeping. Senior Trooper Flores then discovered a firearm in RICHARDSON's vehicle. RICHARDSON was asked if he had a gun permit and RICHARDSON immediately replied, "That gun is not mine." Trooper Fletcher asked RICHARDSON how he knew a gun was in the car. RICHARDSON explained the gun belonged to his girlfriend, and she kept it in her car.

12. Trooper Fletcher observed a handgun on the passenger seat floorboard near the underside of the seat and within arm's reach of the driver. The firearm was later found to be a S&W .40 caliber handgun, model SD40VE with serial number FZV6900, loaded with a one round of ammunition in the chamber and an additional seven (7) rounds in the magazine.

13. On the passenger seat above the firearm, Trooper Fletcher found a pay stub bearing RICHARDSON's name. Also on the passenger seat, Trooper Fletcher saw a red hat and ski mask. Trooper Fletcher recognized the ski mask and RICHARDSON's winter cap were suspicious given temperatures in the 70s.

14. Trooper Fletcher asked Senior Trooper Flores to research the name on the pay stub (RICHARDSON) and attempt to find a driver's license photograph. Trooper Fletcher then began to photograph the scene and document items as they were found in the vehicle.

15. During this time, Senior Trooper Flores located RICHARDSON's photograph. RICHARDSON then admitted he had lied about his identity because he had warrant(s) for his arrest. A check of RICHARDSON's criminal record confirmed he was wanted on an outstanding warrant for multiple counts of Armed Robbery under cause number 49G25-1201-FB-004978.

16. Trooper Fletcher reviewed RICHARDSON's criminal history, records, and warrant. Trooper Fletcher discovered RICHARDSON did not have a permit to carry a firearm and his criminal convictions qualified him as a Serious Violent Felon (SVF). Trooper Fletcher then arrested RICHARDSON for Possession of a Firearm by a SVF, a level 4 felony, and Identity Deception, a level 6 felony.

17. RICHARDSON then claimed to have difficulty breathing, asked for an inhaler, and requested medical attention. Trooper Fletcher requested an ambulance, and Medic 2685 responded to the scene. RICHARDSON then verbally provided medics with his actual identity and social security number.

18. Trooper Fletcher followed the ambulance to Eskenazi Health. While at the hospital, RICHARDSON became hostile and aggressive, demanding to have handcuffs removed so he could "beat everyone's ass" and telling officers "Come back in here and uncuff me. I'm going to kill you."

19. Trooper Fletcher prepared and submitted a search warrant to collect RICHARDSON's DNA for comparison to the firearm. The warrant was granted, presented to RICHARDSON, and his DNA was collected pursuant to the search warrant.

20. RICHARDSON was remanded to custody of Marion County Sheriff staff. Trooper Fletcher transported the pay stub, buccal swabs, and firearm-related evidence to the ISP Post 52 evidence vault for safekeeping.

21. On September 11, 2019, your Affiant reviewed RICHARDSON's criminal history. Your Affiant confirmed RICHARDSON has several felony convictions:

   i. Auto Theft and Resisting Law Enforcement, a Class D felony in Marion County (Indiana) under cause number 49F24-1210-FD-071801, on or about November 29, 2012; and/or

   ii. Robbery, a Class B felony, in Marion County (Indiana) under cause 49G25-1201-FB-004978, on or about October 18, 2012.

22. On September 13, 2019, your Affiant retrieved certified records from Marion County Superior Courts which confirmed the above listed convictions. Your Affiant also confirmed RICHARDSON had been wanted on an outstanding violation of probation warrant ref. cause number 49G25-1201-FB-004978 at the time of his arrest on September 10, 2019.

23. On September 13, 2019, your Affiant reviewed the facts and circumstances of RICHARDSON's arrest and eventual conviction for the four (4) violent felonies listed above under cause number 49G25-1201-FB-004978. Your Affiant confirmed there were three Armed Robbery offenses that occurred at three (3) separate and distinct locations and times. The offenses also involved separate and unique individual victims.

    i. On or about December 31, 2011 at approximately 4:48 a.m. – Armed Robbery, CVS located at 7240 E. 82nd Street, Indianapolis, Indiana; Victim: M.R.; and/or

    ii. On or about December 31, 2011 at approximately 6:03 a.m. – Armed Robbery, CVS located at 1030 North Arlington, Indianapolis, Indiana; Victim: T.O.; and/or

    iii. On or about December 31, 2011 at approximately 6:03 a.m. – Armed Robbery, CVS located at 1030 North Arlington, Indianapolis, Indiana; Victim: A.R.; and/or

    iv. On or about January 1, 2012 at approximately 7:26 p.m. – Armed Robbery, Dollar General located at 3725 N. Keystone Avenue, Indianapolis, Indiana; Victim: M.M.

24. On September 13, 2019, and on subsequent dates, your Affiant reviewed some of the recorded calls made by RICHARDSON from the Marion County Jail. During some of these calls, RICHARDSON makes various incriminating statements.

25. During a call on September 10, 2019, a female subject and RICHARDSON discussed the circumstances of his arrest. RICHARDSON explained he kept driving before pulling over because he was attempting to call someone to see if someone had any outstanding warrants. This name was one of the second false identities RICHARDSON gave to Trooper Fletcher.

26. During the same call on September 10, 2019, the female and RICHARDSON discuss "constructive possession" of the firearm. The female asked RICHARDSON, "Was it in the same place it's always in?" RICHARDSON replied, "Yep." The female subject tells RICHARDSON she told an attorney the firearm belonged to her and RICHARDSON did not

know it was in the car. RICHARDSON told the female "I fucked up." RICHARDSON says the gun was not within his reach "under the passenger's seat."

27. In another call on September 10, 2019, RICHARDSON tells the female he started to run from the police and considered fleeing in the vehicle. RICHARDSON explains the "only reason" he decided not to was because he and the female had previously discussed "that in your car shit" and did not want to wreck her car.

28. On September 11, 2019, RICHARDSON told a female subject he was mad at himself for not fleeing from the police since the felony penalties for fleeing would be less than what he is facing.

29. Based upon the above facts, statements, and training/experience as a law enforcement officer, your Affiant believes RICHARDSON was involved in alleged violation(s) of Title 18, USC 922(g)(1) - Possession of a Firearm by a Convicted Felon, and Title 18, USC 922(e) - Possession of a Firearm by an Armed Career Criminal.

## CONCLUSION

30. Based on the facts set forth in this affidavit, your Affiant submits probable cause exists that on September 10, 2019, in the Southern District of Indiana, DAQUWON L. RICHARDSON, did possess a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 922(e). I respectfully request this Court issue a Criminal Complaint charging RICHARDSON accordingly, along with a warrant for his arrest.

_____
Joshua E. Shaughnessy, Task Force Officer
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Sworn and subscribed to before me this 9th day of October, 2019.

_____
Hon. Mark J. Dinsmore, Magistrate Judge
United States District Court
Southern District of Indiana